UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Eastern Division)

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | ) Chapter 7 |
| AUTO TREND, INC. | ) Case No. 13-10427 (FJB) |
|  | ) |
|  | ) |
| Debtor. | ) |
|  | ) |

**OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

To the Honorable Frank J. Bailey, United States Bankruptcy Judge:

Pursuant to 11 U.S.C. § 362, Fed. R. Bankr. P. 4001 and MLBR 4001-1, Donald R. Lassman, the Chapter 7 Trustee (the "Trustee"), respectfully submits his objection (the "Objection") to the *Motion for Relief from the Automatic Stay* (the "Motion") filed by the Bank of New England ("BNE"). The Trustee respectfully states as follows:

1. Admitted.

2. Admitted.

3. Admitted in part; the Trustee states that BNE incorrectly identified a 2001 Mercedes ML 320 as a Mercury ML320.

4. Denied; pursuant to M.G.L. Chapter 90D Section 21, perfection in a motor vehicle that is titled can only be accomplished by either being noted on the face of the title instrument with the Registry of Motor Vehicles or physical possession of that instrument pursuant to M.G.L c. 106 Section 9-313 and 9-316(d). Upon information and belief, BNE did not have possession of the titles to any of the listed vehicles nor were they listed on those titles.

5. The Trustee lacks sufficient information to either admit or deny the information set forth in paragraph 5.

6. Admitted that the Trustee agreed to the transport of the vehicles; denied as to the characterization of the Trustee's intent.

7. The Trustee lacks sufficient information to either admit or deny the information set forth in paragraph 7.

8. Denied.

9. Admitted.

10. The Trustee lacks sufficient information to either admit or deny the information set forth in paragraph 10.

11. Denied.

### RELIEF REQUESTED

12. Based upon the foregoing, the security interest asserted by BNE was not properly perfected at the time of the Debtor's bankruptcy filing. Pursuant to 11 U.S.C. § 544, the Trustee has the rights of a bona fide purchaser for value and may avoid the security interest asserted by BNE.

13. The Trustee requests that the Court deny the relief requested in the Motion pending a determination that the security interest is unperfected.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order:

    (a)    Denying the relief requested in the Motion; and

    (b)    Granting to the Trustee such other and further relief as this Court deems just and proper.

    **DONALD R. LASSMAN,**
    **CHAPTER 7 TRUSTEE**
    By his counsel,


    /s/  Jesse I. Redlener
    Jesse I. Redlener (BBO #646851)
    DALTON & FINEGOLD, LLP
    34 Essex Street
    Andover, MA 01810
    Phone: (978) 269-6420
    Fax: (978) 470-8338
    jredlener@dfllp.com

Dated:  July 5, 2013

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**(Eastern Division)**

|  |  |  |
|---|---|---|
| **In re:** | ) | |
| | ) | **Chapter 7** |
| **AUTO TREND, INC.** | ) | **Case No. 13-10427 (FJB)** |
| | ) | |
| **Debtor.** | ) | |

CERTIFICATE OF SERVICE

I, Jesse I. Redlener, hereby certify that on July 5, 2013, I served the *Objection to Motion for Relief from the Automatic Stay* on all interested parties via ECF and those requesting notice via first class mail as set forth on the service list below.

/s/ Jesse I. Redlener
Jesse I. Redlener (BBO #646851)
DALTON & FINEGOLD, LLP
34 Essex Street
Andover, MA 01810
Phone: (978) 269-6420
Fax: (978) 470-8338
jredlener@dfllp.com

**SERVICE LIST**

VIA ECF:

John Fitzgerald
ustpregion01.bo.ecf@usdoj.gov

Donald Lassman
don@lassmanlaw.com, dlassman@ecf.epiqsystems.com

Steven Wojtasinski on behalf of Debtor Auto Trend, Inc.
wojomania@comcast.net

James Remmes on behalf of Creditor Bank of New England
jremmes@autouse.com

VIA FIRST CLASS MAIL:

NextGear Capital
1320 City Center Drive
C/O Patricia Herbst-Burton
Carmel, IN 46032